**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

SHIRO LITTLE,                                              :
5147 Stone Ridge Road South, Unit B                       :
Columbus, OH 43213                                        :
                                                          :
          Plaintiff,                                      :     Case No. _2:25 - CV- 00044___
                                                          :
     v.                                                   :     Judge _____
                                                          :
SERVICE CONVENIENCE, INC. dba                             :
GLASS DOCTOR OF NORTHEAST OHIO                            :
aka GLASS DOCTOR OF CLEVELAND aka                         :
GLASS DOCTOR OF COLUMBUS,                                 :
Statutory Agent                                           :
     Matthew J. Kelly                                     :
     7120 Carnegie Ave.                                   :
     Cleveland, OH 44103                                  :
                                                          :
and                                                       :
                                                          :
SYNERGISTIC INTERNATIONAL LLC                             :
dba GLASS DOCTOR                                          :
1010 N. University Parks Dr.                              :
Waco, TX 76707                                            :
Statutory Agent:                                          :
     CT Corporation System                               :
     4400 Easton Commons Way, Suite 125                  :
     Columbus, OH 43219,                                  :
                                                          :
          Defendants.                                     :

---

**COMPLAINT AND JURY DEMAND**

---

**<u>INTRODUCTION</u>**

1.     Plaintiff, Shiro Little, brings this action against Defendant, Service

Convenience, Inc. dba Glass Doctor of Cleveland aka Glass Doctor of Northeast Ohio

*Little v. Glass Doctor of Cleveland, et al.*
**COMPLAINT**
Page 2 of 11

---

(hereinafter "GLASS DOCTOR") and Synergistic International LLC dba Glass Doctor (hereinafter "SYNERGISTIC") for violations of the Fair Labor Standards Act (FLSA), Ohio Constitution, and Ohio Wage Act (OWA).

2.      During the nearly 14 months Plaintiff worked for Defendant, GLASS DOCTOR, she was routinely paid late or not paid for the total number of hours worked. Despite its awareness of the issue, Defendants Glass Doctor of Cleveland, and by extension, Defendants Franchisors, repeatedly violated Plaintiff's rights under the FLSA, OWA, OPPA, and Ohio Constitution by failing to timely pay Plaintiff for the time she worked.

## PARTIES

3.      Plaintiff is a resident of Franklin County, Ohio.

4.      GLASS DOCTOR is a business with its principal place of business in Cuyahoga County, Ohio but has minimum contacts with and purposely avails itself of the benefits of Franklin County, Ohio by employing individuals in such county.

5.      SYNERGISTIC is a business with its principal place of business in Texas but is registered in Ohio and has minimum contacts with and purposely avails itself of the benefits of Franklin County, Ohio by employing individuals in such county.

## JURISDICTION

6.      Jurisdiction over this action is conferred on this Court by 28 U.S.C § 1331 because this is a civil action arising under the Fair Labor Standards Act ("FLSA").

*Little v. Glass Doctor of Cleveland, et al.*
**COMPLAINT**
Page 3 of 11

7.      This Court has supplemental jurisdiction over all state law claims pursuant to 28 U.S.C § 1367(a), as they are so related to the claims set forth under the FLSA that they form the same case and controversy.

8.      Venue is proper in the Southern District of Ohio, Eastern Division under 28 U.S.C. § 1391(b)(1) because Defendants, and each of them, have minimum contacts with and purposely avail themselves of such forum, and the claims arose within that county.

## FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

9.      At all times relevant, Plaintiff was employed by SERVICE CONVENIENCE.

10.      At all times relevant, GLASS DOCTOR was a franchise of SYNERGISTIC, who retained the authority to control essential terms and conditions of employment, including but not limited to wages, benefits, and other compensation; hours of work and scheduling; the assignment of duties to be performed; the supervision of the performance of duties; work rules and directors governing the manner, means, and methods of the performance of duties and the grounds for discipline; the tenure of employees, including hiring and/or discharge; and/or working conditions related to the safety and health of employees.

11.      At all times relevant, Matthew Kelly was the owner and/or President of SERVICE CONVENIENCE.

12.      At all times relevant, Erin Kelly was a subsequent purchaser of and/or assumed the assets and liabilities of SERVICE CONVENINECE.

*Little v. Glass Doctor of Cleveland, et al.*
**COMPLAINT**
Page 4 of 11

13. Plaintiff was hired as an Inside Sales Associate for GLASS DOCTOR on or about November 28, 2022.

14. At all times relevant, Plaintiff was a non-exempt employee paid hourly.

15. Plaintiff was hired to work in Columbus, Ohio, and worked exclusively from that location.

16. At all times relevant, GLASS DOCTOR maintained a payroll schedule whereby it would pay its employees every Wednesday of each week.

17. At all times relevant, GLASS DOCTOR communicated said payroll policy to Plaintiff upon hire and maintained its policy throughout Plaintiff's tenure.

18. Plaintiff reported directly to Crystal Weiner and also reported to Matt Wenck.

19. At various times, Ms. Weiner and Mr. Wenck were responsible for processing payroll.

20. Erin Kelly, Mr. Kelly's daughter, at times also processed payroll. Upon knowledge and belief, Erin Kelly purchased and/or assumed the assets and liabilities of GLASS DOCTOR.

21. As the owner, Matthew Kelly was ultimately responsible for ensuring payroll was completed and communicated as much to the employees.

22. Between approximately December 28, 2022, and December 27, 2023, GLASS DOCTOR paid Plaintiff late on at least twenty-six (26) occasions and upon information and believe, Plaintiff was not paid at all at least once.

23. In December 2022, Plaintiff was paid untimely an unknown number of times.

24. In January 2023, Plaintiff was paid untimely half the month - on Friday, January 20, 2023, and Thursday, January 26, 2023.

25. In February 2023, Plaintiff was paid untimely on Thursday, February 23, 2023.

26. In March 2023, Plaintiff was paid untimely three of the five weeks: on Thursday, March 16, 2023; Thursday, March 23, 2023; and Thursday, March 30, 2023.

27. In April 2023, Plaintiff was paid untimely twice. She was paid on Thursday, April 6, 2023. She was not paid at all the following week between April 9, 2023, and April 15, 2023. Instead, she was paid five days late on Monday, April 17, 2023.

28. In May 2023, Plaintiff was paid late on Friday, May 12, 2023.

29. In June 2023, Plaintiff was paid late on Thursday, June 1, 2023, and Thursday, June 22, 2023.

30. Plaintiff was not paid at all the first week of July 2023, between July 2, 2023, and July 8, 2023. Instead, she was paid six days late on Tuesday, July 11, 2023. That week, her normal payday was also late. She was paid on Thursday, July 13, 2023. Plaintiff was also paid late the last week of July, on Friday, July 28, 2023.

31. In August 2023, Plaintiff was paid late every week: Friday, August 4, 2023; Friday, August 11, 2023; Friday, August 18, 2023; and Thursday, August 24, 2023.

32. Plaintiff was not paid at all the final week of August between August 27, 2023, and September 2, 2023. Instead, Plaintiff was paid eight days late on Thursday,

*Little v. Glass Doctor of Cleveland, et al.*
**COMPLAINT**
Page 6 of 11

---

September 7, 2023, and then again on Friday, September 8, 2023, which was the late pay from that week. Plaintiff was also paid late the last week of September on Friday, September 29, 2023.

33. In October 2023, Plaintiff was paid late every week: Friday, October 6, 2023; Friday, October 13, 2023; Thursday, October 19, 2023; and Friday, October 27, 2023.

34. In November 2023, Plaintiff was paid late twice, on Friday, November 10, 2023, and Friday, November 17, 2023.

35. In December 2023 Plaintiff was paid late and/or not at all.

36. Plaintiff repeatedly contacted the owners and/or managers of Defendants, and each of them, complaining about the late payments and the detrimental effects they caused her, yet the problem persisted.

37. Matthew Kelly was keenly aware of the issue. On at least thirty (30) occasions between January 2023 and September 2023, Mr. Kelly sent messages to all employees announcing issues and delays with payroll, frequently followed by the statement, "I apologize for any inconvenience this may have caused."

38. On April 14, 2023, Mr. Kelly sent one such message, explaining, "As I'm sure you are all aware, we have been in a tight cash situation for several months. This has now been rectified, and next week we will be returning to a more normal situation…. I apologize for all of this and accept full responsibility for it." However, payroll issues persisted.

*Little v. Glass Doctor of Cleveland, et al.*
**COMPLAINT**
Page 7 of 11

_____

39.     In a later message to all employees on September 1, 2023, Mr. Kelly wrote about the late payroll, "Please let me know if this is going to cause you personal hardship." Despite his solicitation, Mr. Kelly never compensated Plaintiff for the financial hardship his company's payroll deficiencies caused her.

40.     Further, on October 19, 2023, Plaintiff worked a full day of approximately eight (8) hours. However, Defendant Glass Door of Cleveland compensated her for only .96 hours. Plaintiff reported the underpayment to Mike Wenck, Defendants' agent and/or employee, but it was never corrected.

41.     As a result of late and/or incorrect or missing pay for hours worked, Plaintiff suffered adverse consequences, including but not limited to paying late fees on bills and loan payments and paying overdraft fees from her bank account.

42.     Defendant Glass Doctor of Cleveland's persistent and ongoing FLSA violations constituted working conditions that were so intolerable that a reasonable person under the circumstances would have felt compelled to resign.

43.     On December 11, 2023, Plaintiff was constructively discharged as a result of untimely payments, stress, retaliation, and the financial effects of not receiving pay on time and in correct amounts.

44.     As joint employers who maintained control over Defendant Glass Doctor of Cleveland, Defendants Franchisors endorsed or otherwise ratified the payroll policy and unlawful payroll practices of Defendant Glass Doctor of Cleveland.

---

## CLAIM I

## (Violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq.)

45. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of the Complaint as if fully recited herein.

46. The FLSA requires that covered employees be compensated for every hour worked in a workweek.

47. The FLSA further requires employers to pay all wages timely according to the regular payday established by the employer.

48. During all times material to this Complaint, Plaintiff was a covered employee entitled to the FLSA's protections.

49. During all times material to this Complaint, Defendants, and each of them, are covered employers required to comply with the FLSA's mandates.

50. Defendants, and each of them, violated the FLSA by failing to pay Plaintiff timely.

51. Further, Defendants, and each of them, violated the FLSA by failing to pay Plaintiff minimum wage for her work on October 19, 2023.

52. In violating the FLSA, Defendants, and each of them, acted willfully and with reckless disregard of clearly applicable FLSA provisions.

53. As a result of Defendants', and each of their, wrongful acts and omissions, Plaintiff has suffered and continues to suffer substantial losses, as alleged herein.

*Little v. Glass Doctor of Cleveland, et al.*
**COMPLAINT**
Page 9 of 11

---

## CLAIM II

## (Violation of the Ohio Constitution, Ohio Const. Art. II, §§ 34 and 34a, and Ohio Wage Act (OWA), Ohio Rev. Code §§ 4111 et seq.)

54.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs of the Complaint as if fully recited herein.

55.     Ohio Const. Art. II, § 34 allows the State of Ohio to pass laws to establish a minimum wage. Ohio Const. Art. Art. II, § 34a sets a minimum wage rate, which every employer must pay their employees.

56.     The OWA requires that covered employees be compensated for every hour worked in a workweek.

57.     During all times material to this Complaint, Plaintiff was a covered employee entitled to the OWA's protections.

58.     During all times material to this Complaint, Defendants, and each of them, were covered employers required to comply with the OWA's mandates.

59.     Defendants, and each of them, violated the Ohio Constitution and OWA by failing to timely pay Plaintiff.

60.     Further, Defendants, and each of them, violated the Ohio Constitution and OWA by failing to pay Plaintiff minimum wage for her work on October 19, 2023.

61.     In violating the Ohio Constitution and OWA, Defendants, and each of them, acted willfully and with reckless disregard of clearly applicable OWA provisions.

62.     As a result of Defendants', and each of their, wrongful acts and omissions, Plaintiff has suffered and continues to suffer substantial losses, as alleged herein.

**WHEREFORE,** Plaintiff demands the following:

*Little v. Glass Doctor of Cleveland, et al.*
**COMPLAINT**
Page 10 of 11

_____

1.   That the Court declare that Defendants knowingly, willfully, deliberately, intentionally, and/or maliciously violated Plaintiff's rights under the FLSA, OWA, and Ohio Constitution, and under Ohio common law;

2.   That the Court award Plaintiff back pay, pre- and post-judgment interest, and other compensatory and statutory damages as permitted by law;

3.   That judgment be entered in favor of Plaintiff against Defendants for damages in an amount in excess of seventy-five thousand dollars ($75,000.00);

4.   That judgment be entered in favor of Plaintiff against Defendants for punitive and liquidated damages in excess of seventy-five thousand dollars ($75,000.00); and

5.   That the Court award Plaintiff such other and further relief as the Court deems just and proper, including attorneys' fees and the costs of this action.


Respectfully submitted,

OLIVER LAW OFFICE


/s/ Jami S. Oliver
Jami S. Oliver (0061738)
7240 Muirfield Drive, Suite 120
Dublin, OH  43017
Telephone: (614) 220-9100
Facsimile: (866) 318-4580
joliver@oliverattorneys.com
*Trial Attorney for Plaintiff Little*

*Little v. Glass Doctor of Cleveland, et al.*
**COMPLAINT**
Page 11 of 11

---

### JURY DEMAND

Plaintiff hereby demands a trial by a jury on all claims properly triable by a jury.

OLIVER LAW OFFICE

/s/ Jami S. Oliver
Jami S. Oliver (0061738)
*Trial Attorney for Plaintiff Little*