**UNITED STATES DISTRICT COURT**
**SOUTHERN DIVISION**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SHIRO LITTLE,** | ) | **CASE NO. 2:25-cv-00044-EAS-CMV** |
| | ) | |
| **Plaintiffs** | ) | **JUDGE Edmund A. Sargus** |
| | ) | **Magistrate Judge Chelsey M. Vascura** |
| **vs.** | ) | |
| | ) | **DEFENDANT'S, SERVICE CONVENIENCE,** |
| **SERVICE CONVENIENCE, INC., et al.,** | ) | **INC.'S ANSWER TO FIRST AMENDED** |
| | ) | **COMPLAINT** |
| **Defendants** | ) | |
| | ) | |

Service Convenience, Inc., a defendant ("Glass Doctor") respectfully provides its answer

to Plaintiff's Complaint as follows:

## INTRODUCTION

1.      Admits the allegations in Paragraph 1 but denies it violated the laws referenced for

lack of sufficient knowledge.

2.      Denies the allegations in Paragraph 2 for lack of sufficient knowledge.

## PARTIES

3.      Denies the allegations in Paragraph 3 for lack of sufficient knowledge.

4.      Admits the allegations in Paragraph 4.

5.      Admits the allegations in Paragraph 5.

## JURISDICTION

6.      Denies the allegations in Paragraph 6 for lack of sufficient knowledge.

7.      Denies the allegations in Paragraph 7 for lack of sufficient knowledge.

8.      Admits the allegations in paragraph 8.

## FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

9.      Admits the allegations in Paragraph 9.

10.     Admits it was a franchisee of Synergistic but denies the remaining allegations in Paragraph 10 for lack of sufficient knowledge.

11.     Admits the allegations in Paragraph 11

12.     Denies the allegations in Paragraph 12.

13.     Admits the allegations in Paragraph 13.

14.     Denies the allegations in Paragraph 14 for lack of sufficient knowledge.

15.     Denies the allegations in Paragraph 15 for lack of sufficient knowledge.

16.     Admits the allegations in Paragraph 16.

17.     Denies the allegations in Paragraph 17 for lack of sufficient knowledge.

18.     Admits the allegations in paragraph 18.

19.     Denies the allegations in Paragraph 10 for lack of sufficient knowledge.

20.     Deny the allegations in Paragraph 20.

21.     Admit the allegations in Paragraph 21.

22.     Denies the allegations in Paragraph 22 for lack of sufficient knowledge.

23.     Admits the allegations in Paragraph 23.

24.     Denies the allegations in Paragraph 24 for lack of sufficient knowledge.

25.     Denies the allegations in Paragraph 25 for lack of sufficient knowledge.

26.     Denies the allegations in Paragraph 26 for lack of sufficient knowledge.

27.     Denies the allegations in Paragraph 27 for lack of sufficient knowledge.

28.     Denies the allegations in Paragraph 28 for lack of sufficient knowledge.

29.     Denies the allegations in Paragraph 29 for lack of sufficient knowledge.

30.     Denies the allegations in Paragraph 30 for lack of sufficient knowledge.

31.     Denies the allegations in Paragraph 31 for lack of sufficient knowledge.

32.     Denies the allegations in Paragraph 32 for lack of sufficient knowledge.

33.     Denies the allegations in Paragraph 33 for lack of sufficient knowledge.

34.     Denies the allegations in Paragraph 34 for lack of sufficient knowledge.

35.     Denies the allegations in Paragraph 35 for lack of sufficient knowledge.

36.     Denies the allegations in Paragraph 36 for lack of sufficient knowledge.

37.     Denies the allegations in Paragraph 37 for lack of sufficient knowledge.

38.     Denies the allegations in Paragraph 38 for lack of sufficient knowledge.

39.     Denies the allegations in Paragraph 39 for lack of sufficient knowledge.

40.     Denies the allegations in Paragraph 40 for lack of sufficient knowledge.

41.     Denies the allegations in Paragraph 41 for lack of sufficient knowledge.

42.     Denies the allegations in Paragraph 42 for lack of sufficient knowledge.

43.     Denies the allegations in Paragraph 43 for lack of sufficient knowledge.

44.     Denies the allegations in Paragraph 44 for lack of sufficient knowledge.

## CLAIM 1

### (Violations of the Fair Labor Standards Act (FSLA), 29 U.S.C. §§ 201 et seq.)

45.     Incorporates its prior responses as its answer to Paragraph 45.

46.     Denies the allegations in Paragraph 46 for lack of sufficient knowledge.

47.     Denies the allegations in Paragraph 47 for lack of sufficient knowledge.

48.     Denies the allegations in Paragraph 48 for lack of sufficient knowledge.

49.     Denies the allegations in Paragraph 49 for lack of sufficient knowledge.

50.     Denies the allegations in Paragraph 50 for lack of sufficient knowledge.

51.     Denies the allegations in Paragraph 51 for lack of sufficient knowledge.

52.     Denies the allegations in Paragraph 52 for lack of sufficient knowledge.

53. Denies the allegations in Paragraph 53 for lack of sufficient knowledge.

## CLAIM II

## (Violation of the Ohio Constitution, Ohio Const Art. 11 §§ 34 and 34a, and Ohio Wage Act (OWA), Ohio Rev. Code §§ 4111 et seq.)

54. Incorporates its prior responses as its answer to Paragraph 54.

55. Denies the allegations in Paragraph 55 for lack of sufficient knowledge.

56. Denies the allegations in Paragraph 56 for lack of sufficient knowledge.

57. Denies the allegations in Paragraph 57 for lack of sufficient knowledge.

58. Denies the allegations in Paragraph 58 for lack of sufficient knowledge.

59. Denies the allegations in Paragraph 59 for lack of sufficient knowledge.

60. Denies the allegations in Paragraph 60 for lack of sufficient knowledge.

61. Denies the allegations in Paragraph 61 for lack of sufficient knowledge.

62. Denies the allegations in Paragraph 62 for lack of sufficient knowledge.

## CLAIM III

## (Violation of the Ohio Prompt Pay Act, Ohio Rev. Code § 4113.15, et seq.)

63. Incorporates its prior responses as its answer to Paragraph 63.

64. Denies the allegations in Paragraph 64 for lack of sufficient knowledge.

65. Denies the allegations in Paragraph 65 for lack of sufficient knowledge.

66. Denies the allegations in Paragraph 66 for lack of sufficient knowledge.

67. Denies the allegations in Paragraph 67 for lack of sufficient knowledge.

68. Denies the allegations in Paragraph 68 for lack of sufficient knowledge.

69. Denies the allegations in Paragraph 69 for lack of sufficient knowledge.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.     Plaintiff's claims are barred by the doctrine of estoppel.

3.     Plaintiff's claims are barred by the doctrine of waiver.

4.     Plaintiff's claims are barred by the doctrine of laches.

5.     Plaintiff's claims after barred by the statute of limitations.

6.     Glass Doctor reserves the right to assert any other appropriate Affirmative Defenses subsequently discovered.

WHEREFORE, Service Convenience, Inc. (Glass Doctor)  respectfully requests Plaintiff's complaint be dismissed at Plaintiff's costs.

Respectfully submitted,

JONATHAN P. BLAKELY, ESQ.

/s/ Jonathan P. Blakely_____
JONATHAN P. BLAKELY (# 0042550)
P. O. Box 217
Middlefield, OH 44062
(440) 339-1201
888-900-9141 Fax
jblakelylaw@windstream.net
*Attorney for Service Convenience, Inc.*

## CERTIFICATE OF SERVICE

A copy of this Answer was served through the Court's efiling system on April 9, 2025, by the Court's efiling system upon all parties of record:

/s/ Jonathan P. Blakely_____
Jonathan P. Blakely, Esq.

5