UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHIRO LITTLE,

    Plaintiff,

    v.                                  Case Number 2:25-cv-44
                                        JUDGE EDMUND A. SARGUS, JR.
SERVICE CONVENIENCE, INC., *et al.*,    Magistrate Judge Chelsey M. Vascura

    Defendants.

### OPINION AND ORDER

This matter is before the Court on Defendant Synergistic International LLC's Motion to Dismiss. (ECF No. 17.) Plaintiff Shiro Little responded in opposition (ECF No. 18), and Synergistic replied in support (ECF No. 19). For the reasons set forth below, the Court **GRANTS** Synergistic's Motion to Dismiss (ECF No. 17) and **DISMISSES WITHOUT PREJUDICE** the claims against Synergistic.

### BACKGROUND

As alleged in the First Amended Complaint, Ms. Little worked for Glass Doctor as an Inside Sales Associate in Columbus, Ohio for nearly fourteen months beginning on or around November 28, 2022. (ECF No. 2, ¶¶ 2, 13, 15.) Ms. Little alleges that Glass Doctor was a franchisee of Synergistic. (*Id.* ¶ 10.) Ms. Little states that Glass Doctor "maintained a payroll schedule whereby it would pay its employees every Wednesday of each week" and communicated this schedule to Ms. Little when she was hired. (*Id.* ¶¶ 16–17.) Ms. Little alleges that Matthew Kelly, the owner or president of Glass Doctor, was "ultimately responsible for ensuring payroll was completed and communicated as much to the employees." (*Id.* ¶¶ 11, 21.)

Ms. Little alleges that Glass Doctor paid her late on at least twenty-six occasions between December 2022 and December 2023 and failed to pay her at all at least once during that timeframe. (*Id.* ¶¶ 22–35.) Ms. Little alleges that Mr. Kelly messaged employees to announce issues and delays with payroll on at least thirty occasions between January 2023 and September 2023, apologized for any inconvenience caused by the delayed payments, and accepted full responsibility for the payment issues. (*Id.* ¶¶ 37–38.)

Ms. Little alleges that she communicated with the owners and/or managers of Defendants about the late payments and their "detrimental effects," but the problem persisted. (*Id.* ¶ 36.) Ms. Little alleges that she was "constructively discharged" on December 11, 2023 "as a result of untimely payments, stress, retaliation, and the financial effects of not receiving pay on time and in correct amounts." (*Id.* ¶ 43.)

In January 2025, Ms. Little filed this action against Defendant Service Convenience, Inc. dba Glass Doctor of Northeast Ohio aka Glass Doctor of Cleveland aka Glass Doctor of Columbus ("Glass Doctor") and Defendant Synergistic International LLC dba Glass Doctor ("Synergistic") alleging that the untimely and unmade wage payments violate the Fair Labor Standards Act ("FLSA") (29 U.S.C. §§ 201, *et seq.*), the Ohio Constitution (Article II, §§ 34, 34a), the Ohio Wage Act (Ohio Rev. Code §§ 4111, *et seq.*), and the Ohio Prompt Pay Act (Ohio Rev. Code §§ 4113.15, *et seq.*). (ECF No. 2.) Ms. Little alleges that Glass Doctor and, "by extension," Synergistic repeatedly violated her rights. (*Id.* ¶ 2.)

**LEGAL STANDARD**

To state a claim upon which relief may be granted, plaintiffs must satisfy the pleading requirements set forth in Rule 8(a), which requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

2

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (clarifying the plausibility standard from *Twombly*, 550 U.S. at 556). Furthermore, "[a]lthough for the purposes of a motion to dismiss [a court] must take of all the factual allegations in the complaint as true, '[the court is] not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted).

## ANALYSIS

Ms. Little alleges that Glass Doctor and, "by extension," Synergistic violated the FLSA and Ohio law by failing to pay her in a timely manner on at least twenty-six occasions and by failing to pay her at all on at least one occasion. (ECF No. 2.) Synergistic moves to dismiss the claims asserted against it pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Ms. Little failed to state a claim upon which relief may be granted. (ECF No. 17, PageID 68.) Synergistic contends that (1) the First Amended Complaint does not provide any factual allegations supporting Ms. Little's theory that Synergistic, the franchisor, is liable as a joint employer, and (2) Ms. Little's allegation that Glass Doctor was "ultimately responsible for ensuring payroll was completed" precludes Synergistic from being held liable for wage violations. (*Id.* PageID 72–73.) In response, Ms. Little argues that her allegations are sufficient at the pleading stage to establish that Synergistic is a joint employer and more than one entity can be held liable for wage violations. (ECF No. 18, PageID 78, 80, 84–85.)

Under the FLSA, "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Sixth Circuit has explained that "[t]he remedial purposes of the FLSA require the courts to define 'employer' more broadly than the term would be interpreted in traditional common law applications." *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991) (quoting *McLaughlin v. Seafood, Inc.*, 867 F.2d 875, 877 (5th Cir. 1989)), *superseded by rule on other grounds*, *M.J. by & through S.J. v. Akron City Sch. Dist. Bd. of Ed.*, 1 F.4th 436, 446 n.4 (6th Cir. 2021). "[T]he 'economic reality' of the relationship between a plaintiff and a defendant 'determines whether their relationship is one of employment.'" *Ellington v. City of E. Cleveland*, 689 F.3d 549, 555 (6th Cir. 2012) (quoting *Solis v. Laurelbrook Sanitarium & Sch. Inc.*, 642 F.3d 518, 522 (6th Cir. 2011)).

Two or more entities can simultaneously be employers and thereby responsible for complying with the FLSA. *Dole*, 942 F.2d at 965. The issue of joint employment "depends upon all the facts in the particular case." *Keeton v. Time Warner Cable, Inc.*, No. 2:09-CV-1085, 2011 WL 2618926, at *3 (S.D. Ohio July 1, 2011) (Marbley, J.) (citing 29 C.F.R. § 791.2(a); *Int'l Longshoremen's Ass'n, AFL-CIO, Loc. Union No. 1937 v. Norfolk S. Corp.*, 927 F.2d 900, 902 (6th Cir. 1991)). While the Sixth Circuit has not established a "joint employer" test for claims brought under the FLSA, in Title VII cases, the Sixth Circuit instructs courts to consider three factors: (1) "exercise of authority to hire, fire, and discipline," (2) "control over pay and insurance," and (3) "supervision." *Montanez v. Voss Indus., LLC.*, No. 1:18CV1378, 2019 WL 2330511, at *5 (N.D. Ohio May 31, 2019) (quoting *Sanford v. Main St. Baptist Church Manor, Inc.*, 327 F. App'x 587, 594 (6th Cir. 2009)). Further, in the context of a labor dispute, the Sixth Circuit considered "the interrelation of operations between the companies, common

4

management, centralized control of labor relations, and common ownership" to determine whether two companies were joint employers. *Int'l Longshoremen's Ass'n*, 927 F.2d at 902.

In analyzing whether the First Amended Complaint sufficiently alleges that Synergistic is a joint employer, the Court turns to the pertinent allegations contained therein. Ms. Little includes two paragraphs in her First Amended Complaint related to Synergistic's status as a joint employer:

> 10.   At all times relevant, GLASS DOCTOR was a franchise of SYNERGISTIC, who retained the authority to control essential terms and conditions of employment, including but not limited to wages, benefits, and other compensation; hours of work and scheduling; the assignment of duties to be performed; the supervision of the performance of duties; work rules and directors governing the manner, means, and methods of the performance of duties and the grounds for discipline; the tenure of employees, including hiring and/or discharge; and/or working conditions related to the safety and health of employees.
>
> . . .
>
> 44.   As joint employers who maintained control over Defendant Glass Doctor of Cleveland, Defendants Franchisors [Synergistic] endorsed or otherwise ratified the payroll policy and unlawful payroll practices of Defendant Glass Doctor of Cleveland.

(ECF No. 2, ¶¶ 10, 44.)

Synergistic argues that these allegations are "conclusory," and the Court agrees with that characterization. (ECF No. 17, PageID 72–73.) These paragraphs merely recite the factors that courts consider when determining whether a joint employment relationship exists. "[N]aked assertion[s]' devoid of 'further factual enhancement'" are inadequate and will not survive a motion to dismiss. *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Ms. Little does not allege any facts related to Synergistic that support her joint employment theory. To the contrary, the facts in the First Amended Complaint allege that Glass Doctor had ultimate control over compensation decisions, stating that Mr. Kelly (Glass Doctor's owner or president) was

5

"ultimately responsible for ensuring payroll was completed." (ECF No. 2, ¶¶ 16, 19–22.) Ms. Little alleges that "GLASS DOCTOR maintained a payroll schedule," "GLASS DOCTOR paid Plaintiff late," and Mr. Kelly "accept[ed] full responsibility for" the payroll issues. (*Id.*)

Ms. Little notes that joint employment is ordinarily a fact-intensive inquiry appropriate for a jury to decide (ECF No. 18, PageID 81–83), but to withstand a motion to dismiss, Ms. Little nevertheless must sufficiently state a claim upon which relief can be granted. She can do so by setting forth facts indicating that Synergistic had control over her employment. Ms. Little's allegations at current are insufficient to plead a joint employment relationship and overcome Synergistic's motion to dismiss. *See Holmer v. Alcove Ventures, LLC*, No. 1:23-CV-747, 2024 WL 4350906, at *11 (N.D. Ohio Sep. 30, 2024) (concluding that the pleadings did not sufficiently allege a claim against a defendant under the FLSA in part because the complaint "merely recite[s] the factors for the 'joint employer' test adopted by courts in the Sixth Circuit, without providing specific factual allegations to support each of these factors"); *Perkins v. Am. Spotting Co. of Ohio, Inc.*, No. 2:18-cv-54, 2018 WL 7358598, at *3–4 (S.D. Ohio Dec. 13, 2018) (Watson, J.) (same).

The Parties do not address Ms. Little's state-law claims, but Synergistic moves to dismiss all claims asserted against it, so the Court notes that claims brought under Ohio's wage laws are governed by the same standards as those brought under the FLSA. *See, e.g.*, *Heard v. Nielson*, No. 1:16-cv-1002, 2017 WL 2426683, at *2 (S.D. Ohio June 2, 2017). Therefore, for the same reasons that the First Amended Complaint fails to sufficiently allege that Synergistic is a joint employer under the FLSA, Ms. Little's allegations are inadequate under Ohio law, as well.

The Court finds that the First Amended Complaint does not sufficiently allege a claim against Synergistic. Rather than dismiss the claims against Synergistic with prejudice, however,

the Court **DISMISSES** them **WITHOUT PREJUDICE**. Ms. Little shall be permitted to file a motion for leave to amend (with a proposed Second Amended Complaint attached) for the limited purpose of attempting to establish that Synergistic is a "joint employer" within **21 DAYS** of the date of this Opinion and Order. If Plaintiff files such a motion, Defendants may file a response and Plaintiff may file a reply within the time permitted by the Local Civil Rules. If Plaintiff chooses not to file a motion for leave to amend within 21 days, then the dismissal of Synergistic will automatically convert into a dismissal with prejudice.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant Synergistic International LLC's Motion to Dismiss (ECF No. 17) and **DISMISSES WITHOUT PREJUDICE** the claims against Defendant Synergistic International LLC.

This case remains open.

**IT IS SO ORDERED.**

**12/22/2025**                                      **s/Edmund A. Sargus, Jr.**
**DATE**                                                  **EDMUND A. SARGUS, JR.**
                                                       **UNITED STATES DISTRICT JUDGE**